IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
IN OPEN COURT

SEP 24 2020

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

**UNDER SEAL**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>v.<br><br>VICENTE GOMEZ,<br>a/k/a/ "Triste,"<br>(Counts 1 and 2)<br><br>ANDREA RENAY PADEWAY, and<br>(All Counts)<br><br>EDWIN GUTIERREZ-SANCHEZ,<br>a/k/a "Wasson,"<br>(Count 1)<br><br>Defendants. | Criminal No. 1:20-CR- 233<br><br>Count 1: 21 U.S.C. § 846<br>(Conspiracy to Distribute Cocaine)<br><br>Count 2: 21 U.S.C. §§ 841(a)(1) and 2<br>(Possession with Intent to Distribute Cocaine)<br><br>Count 3: 18 U.S.C. § 924(c)(1)(A)(i)<br>(Possession of a Firearm in Furtherance of a<br>Drug Trafficking Crime)<br><br>Forfeiture Notice |

INDICTMENT

September 2020 Term – at Alexandria, Virginia

Count One
(Conspiracy to Distribute Cocaine)

THE GRAND JURY CHARGES THAT:

Conspiracy

From in and around March 2019, and continuing to on and around August 6, 2020, the exact dates being unknown to the grand jury, in Prince William County, within the Eastern District of Virginia, and elsewhere, the defendants, VICENTE GOMEZ, ANDREA RENAY

PADEWAY, and EDWIN GUTIERREZ-SANCHEZ, unlawfully, knowingly, and intentionally combined, conspired, confederated, and agreed with each other and other persons, both known and unknown to the Grand Jury, to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## Quantity of Cocaine Involved in the Conspiracy

With respect to defendant GOMEZ, his conduct as a member of the conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the conspiracy charged in Count One, involved a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

With respect to defendant PADEWAY, her conduct as a member of the conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the conspiracy charged in Count One, involved 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B)(ii)(II).

With respect to defendant GUTIERREZ-SANCHEZ, his conduct as a member of the conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the conspiracy charged in Count One, involved a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

## Ways, Manner, and Means

The primary purpose of the conspiracy was to make money through the distribution of cocaine within the Eastern District of Virginia. The ways, manners, and means by which the defendants and their co-conspirators carried out this purpose included, but were not limited to, the following:

1. During the course and in furtherance of the conspiracy, members of the conspiracy acquired cocaine from a source or sources of supply in the Eastern District of Virginia, and elsewhere.

2. Members of the conspiracy distributed cocaine in the Eastern District of Virginia, and elsewhere.

3. Members of the conspiracy possessed cocaine for further distribution in the Eastern District of Virginia, and elsewhere.

4. A member of the conspiracy possessed a firearm in furtherance of drug trafficking in the Eastern District of Virginia.

5. Members of the conspiracy used cell phones to communicate with each other, including through voice calls, text messages, and social media platforms.

## Overt Acts

In furtherance of the conspiracy, and to effect the objects thereof, the defendants and their co-conspirators committed overt acts in the Eastern District of Virginia and elsewhere, including but not limited to, the following:

3

1. From in and around December 2019 through on or about August 6, 2020, in the Eastern District of Virginia and elsewhere, PADEWAY and GOMEZ obtained ounce quantities of cocaine on an approximately monthly basis, for further distribution.

2. From in and around March 2019 through on or about August 6, 2020, GOMEZ and PADEWAY regularly distributed quantities of cocaine in the Eastern District of Virginia, and elsewhere.

3. From in and around February 2020 through on or about August 6, 2020, GOMEZ and GUTIERREZ-SANCHEZ regularly distributed quantities of cocaine in the Eastern District of Virginia.

4. On or about August 6, 2020, in Prince William County, in the Eastern District of Virginia, GOMEZ and PADEWAY possessed with intent to distribute approximately 97 grams of cocaine.

5. On or about August 6, 2020, in Prince William County, in the Eastern District of Virginia, PADEWAY possessed a firearm in furtherance of drug trafficking.

(All in violation of Title 21, United States Code, Section 846.)

## Count Two
### (Possession with Intent to Distribute Cocaine)

THE GRAND JURY FURTHER CHARGES THAT:

On or about August 6, 2020, in Prince William County, within the Eastern District of Virginia, defendants VICENTE GOMEZ and ANDREA RENAY PADEWAY unlawfully, knowingly, and intentionally possessed with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.)

<u>Count Three</u>
(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

THE GRAND JURY FURTHER CHARGES THAT:

On or about August 6, 2020, in Prince William County, within the Eastern District of Virginia, defendant ANDREA RENAY PADEWAY did knowingly possess a firearm in furtherance of a drug trafficking crime for which she may be prosecuted in a court of the United States, that is, Possession with Intent to Distribute Cocaine, in violation of Title 18, United States Code, Sections 846 and 841(a)(1), as set forth and charged in Counts One and Two of this Indictment.

(In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).)

## FORFEITURE NOTICE

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE FOR FORFEITURE, AS DESCRIBED BELOW:

Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, the defendants are hereby notified that:

1. If convicted of either of the violations alleged in Counts One and Two of this Indictment, they shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a), the following: (1) any property constituting, or derived from, any proceeds the defendant(s) obtained, directly or indirectly, as the result of such violation; and (2) any property used, or intended to be used, in any matter or part, to commit, or to facilitate the commission of, such violation. This property includes, but is not limited to, approximately $8,379.00 in U.S. Currency seized from the defendant's apartment in Woodbridge, Virginia on August 6, 2020.

2. If convicted of any of the violations set forth in this Indictment, they shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in or used in such violation. This property includes, but is not limited to, the following:

   (a) A Glock, Model 48, 9mm handgun, bearing serial number BKNH967;

   (b) Two magazines; and

   (c) 25 rounds of Hornady Critical Defense 9mm ammunition.

Pursuant to 21 U.S.C. § 853(p), the defendant(s) shall forfeit substitute property, if, by any act or omission of the defendant(s), the property referenced above cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

(Pursuant to Title 18, United States Code, Sections 924(d)(1); Title 21, United States Code, Section 853; Title 28, United States Code, Section 2461(c); and Federal Rule of Criminal Procedure 32.2.)

A TRUE BILL

Pursuant to the E-Government Act,,
The original of this page has been filed
under seal in the Clerk's Office

_____
Foreperson of the Grand Jury

G. Zachary Terwilliger
United States Attorney

By: *Nicholas J. Patterson* (signature)
Nicholas J. Patterson
Assistant United States Attorney